**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ANGEL DE JESUS GUEVARA, ET. AL.          *

*

***On Behalf of Themselves and***          *
***All Others Similarly Situated***          *

*

PLAINTIFFS,          *

*

v.          *          Case No. 12-CV-2944 RWT

*

CLEAN & POLISH, INC., ET. AL.          *

*

DEFENDANTS          *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' OPPOSITION TO DEFENDANT CLEAN & POLISH'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Plaintiffs, by and through undersigned counsel, hereby submit their Opposition to the Motion to Dismiss Plaintiffs' Count for damages against Defendant Clean and Polish, Inc. ("C&P") under the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 *et seq*. ("MWPCL").  In opposition to C&P's Motion, Plaintiffs state as follows:

## SUMMARY OF OPPOSITION

Plaintiffs filed a Second Amended Complaint against C&P and two (2) co-defendants for damages related to the defendants' failure to pay wages and violations of the anti-retaliation provision of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter "FLSA"), for damages under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. ("MWHL"), and for damages for separate and distinct wage violations under the MWPCL.

In response, C&P filed an Answer to Plaintiffs' Counts under the FLSA and MWHL and filed a Motion to dismiss Plaintiffs' MWPCL claim pursuant to Rule 12(b)(6) based on a misguided contention that Plaintiffs did not articulate facts demonstrating their entitlement to relief under the MWPCL.  As set forth below, Plaintiffs' MWPCL Count, as pled, entitles Plaintiffs to significant damages for unpaid promised wages, untimely paid promised wages, and improperly deducted wages under the MWPCL.  As a consequence, C&P's Motion must be denied.

## RELEVANT FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

1.      Plaintiff Guevara pled that he is currently employed by C&P and has been employed by C&P since about March 1, 2010.  *See* Second Amended Complaint at ¶ 26.

2.      Plaintiff Toruno pled that he was employed by C&P from about November 2002 until October 12, 2012.  *Id.* at ¶ 27, 70.

3.      Plaintiff Rivera pled that he is currently employed by C&P and has been employed by Defendants since about September 1, 2011.   *Id.* at ¶ 28.

4.      Plaintiff Franco pled that he was employed by C&P from 2004 until May 2012. *Id.* at ¶ 29.

5.      Plaintiff Rivas pled that he was employed by C&P from 2005 until December 2011.  *Id.* at ¶ 30.

6.      Plaintiffs pled that, at all times throughout the course of Plaintiffs' employment, C&P willfully and systematically directed and forced Plaintiffs to underreport the hours Plaintiffs worked each week.  This scheme by C&P caused Plaintiffs to underreport the hours worked on Plaintiffs' time sheets by approximately fifteen (15) hours per week.  *Id.* at ¶ 39.

7.      Plaintiffs pled that, for the hours C&P refused to allow Plaintiffs to submit on their time cards, C&P paid Plaintiffs no wages.  *Id.* at ¶ 41.

8.      Plaintiffs pled that C&P perpetrated a scheme whereby C&P mandated that Plaintiffs were not allowed to report all hours worked, causing Plaintiffs to underreport their hours, against their will, in the amount of about fifteen (15) hours per week.  *Id.* at ¶ 62.

9.      Plaintiffs pled that C&P withheld substantial portions of Plaintiffs' wages without Plaintiffs' permission and without any justification recognized or otherwise allowed by the MWPCL.  *Id.* at ¶ 63.

10.     Plaintiffs pled that C&P's unlawful and unauthorized withholding of Plaintiffs' wages constitutes a failure by C&P to pay Plaintiffs all wages due for work performed as required by the MWPCL.  *Id.* at ¶ 64.

11.     Plaintiffs pled that C&P's failure to pay Plaintiffs all wages due for work performed was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and C&P, and was not in good faith.   *Id.* at ¶ 65.

## **LEGAL STANDARD**

The purpose of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Swierkiewicz*, 534 U.S. at 508, 512.  In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007).  These cases establish that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp.*, 550 U.S. at 556 n.3.

To survive a Motion to Dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Hawkins v. Proctor Auto Serv. Ctr., LLC*, No. 09-CV-1908, 2010 U.S. Dist. LEXIS 30772, at *1 (D. Md. Mar. 30, 2010) (quoting *Iqbal*, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at *1-2 (quoting *Iqbal*, 556 U.S. at 678).  In "[d]etermining whether a complaint states a plausible claim for relief . . . "the reviewing court [must] draw on its judicial experience and common sense" and engage in "a *context-specific* task." *Iqbal*, 556 U.S. at 679 (emphasis added).

Here, the plain language of the Second Amended Complaint alleges that C&P failed and refused to pay and/or deducted wages from each Plaintiff's compensation for about fifteen (15) hours per week.  It logically follows therefrom that, because C&P never paid Plaintiffs wages for these specifically alleged hours worked, C&P failed to pay Plaintiffs all wages earned and due in a timely manner within Plaintiffs' regular pay periods and/or at the termination of Plaintiffs' employment with C&P.  *See* MD. CODE ANN. LAB. & EMPL. §§ 3-502, 3-505 (West 2012).  As a consequence, C&P's Motion must be denied.

## ANALYSIS

### I.   PLAINTIFFS' MWPCL CLAIM IS VIABLE BECAUSE C&P FAILED TO PAY PLAINTIFFS WAGES AT THE END OF PLAINTIFFS' EMPLOYMENT WITH C&P.

As set forth above, Plaintiffs have brought a MWPCL claim against C&P alleging that C&P willfully and systematically directed and forced Plaintiffs to underreport the hours

Plaintiffs worked each week.  This scheme resulted in C&P deducting and failing to pay Plaintiffs for approximately fifteen (15) hours of work duties per week.  To be sure, the MWPCL is explicit that compensation for each hour worked by Plaintiffs, including each of these deducted and previously unpaid hours, was due to be paid to each Plaintiff at the end of each Plaintiff's employment with C&P.

The MWPCL requires employers to pay employees wages, including promised and overtime wages, for all work performed before the termination of employment, on or before the day on which the employee would have been paid had the employee not been terminated.  § 3-501 and 3-505.[1]  As detailed above, Plaintiff Toruno alleged that his employment with C&P ended on October 12, 2012; Plaintiff Franco alleged that his employment with C&P ended in about May 2012; and Plaintiff Rivas alleged that his employment with C&P ended in or about December 2011.  As a consequence of C&P's hour-reduction scheme, not one of these Plaintiffs was paid his promised or overtime wages following the termination of his employment all wages due for work duties performed.  As a consequence, Toruno, Franco, and Rivas each have clear and actionable claims under § 3-505 of the MWPCL for unpaid wages at the end of their employ.


Plaintiffs Guevara and Rivera have alleged identical MWPCL violations arising out of C&P's scheme of systematically reducing, and thus denying earned and promised wages to to Guevara and Rivera for approximately fifteen (15) hours of work performed each week.  Guevara and Rivera, however, have alleged they are still currently jointly employed by C&P.  C&P disagrees with Guevara and Rivera's characterization of their employment statuses.  In Paragraph 5 of C&P's Answer to Plaintiffs' Second Amended Complaint, C&P states as follows,

---

[1] § 3-501(c)(1) defines "wage" as "all compensation that is due to an employee for employment," whereas § 3-501(c)(2) clarifies the term "wage" to include: as (i) a bonus; (ii) a commission; (iii) a fringe benefit; (iv) **overtime wages**; or (v) **any other remuneration promised for service** (emphasis added).

"C&P admits it employed Plaintiffs at various times through December 31, 2011.  C&P denies it was Plaintiffs' employer at any time after December 31, 2011."

C&P cannot have it both ways.  If C&P's employment of Guevara and Rivera ended on or before December 31, 2011, Guevara and Rivera were, by their allegations, not paid all wages due from C&P at the termination of their employment.  Thus, by C&P's own admission, Plaintiffs' MWPCL claim under § 3-505 is viable and indeed plausible to the extent that C&P owed and did not pay wages to Guevara and Rivera at the end of their employ with C&P.  By contrast, if Plaintiffs Guevara and Rivera are still currently employed by C&P, Guevara and Rivera's MWPCL claims are viable and plausible for reasons discussed *infra*.[2]

A determination of whether C&P remains Plaintiffs Guevara and Rivera's employer or whether Guevara and Rivera's employment was previously terminated by C&P is a factual question not appropriate for a Motion to Dismiss.  Further, a Motion to Dismiss should not be granted unless it appears to a degree of certainty that the plaintiff would be entitled to no relief under any circumstances which could be proved to support his or her position.  *Rogers v. Jefferson-Pilot Life Insurance Co.*, 883 F.2d 324, 325 (4th Cir. 1989); *Adam v. Bain*, 697 F.2d 1213, 1216 (4th Cir. 1982).  Guevara and Rivera plainly have a plausible claim for MWPCL damages against C&P if their employment with C&P has ended and they were not paid all wages due at the conclusion of their employment.  As a consequence, C&P's Motion must be denied.

---

[2] It is absolutely proper and common for a plaintiff to make allegations in the alternative (e.g. Breach of Contract and Quantum Meruit).  Here, in the alternative to a factual scenario whereby Guevara and Rivera are found to be currently employed by C&P, a factual finding may be made that Guevara and Rivera's employment with C&P ended on or about December 31, 2011.  In such a scenario, Guevara and Rivera's MWPCL claim under § 3-505 would be triggered upon a finding that C&P did not pay Guevara and Rivera wages due following the end date of their employ.  This alternative pleading, however, does not foreclose Guevara and Rivera's otherwise viable MWPCL claim under § 3-502 against C&P for failing to pay wages in a timely manner.

**II.     C&P FAILED TO PAY PLAINTIFFS IN A TIMELY MANNER ALL WAGES OWED, AS REQUIRED BY THE MWPCL.**

The MWPCL places a duty on employers to "pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." *Barufaldi v. Ocean City, Maryland Chamber of Commerce, Inc.*, 47 A.3d 1097, 1103 (Md. Ct. Spec. App. 2012) (quoting *Friolo v. Frankel*, 819 A.2d 354, 362 (Md. 2003)).  Section 3-507.2(a) of the MWPCL authorizes employees to bring lawsuits against their employers if the employer fails to pay wages due within two weeks of the scheduled payment date.  § 3-507.2(a).  C&P's failure to pay all wages due in a timely manner is exactly the claim that Plaintiffs have brought against C&P.

Plaintiffs specifically allege that C&P deducted and failed to pay Plaintiffs for approximately fifteen (15) hours per week.  An obvious consequence of this policy is that C&P failed to pay Plaintiffs for about fifteen (15) hours of work each week, on time, and as scheduled with Plaintiffs' other paid wages.  It follows then that C&P violated the plain language of § 3-502, entitling Plaintiffs to damages as a consequence therefrom.

In essence, Defendants argue that, pursuant to Sections 3-502 and 3-507.2, the Maryland legislature only intended to provide for MWPCL damages where an employer fails to pay employees on a "regular" basis or upon termination of employment, but did not intend to provide treble damages where an employer completely fails to pay any wages to an employee for hours worked by that employee.  Such an interpretation is false, illogical, and arbitrarily narrow.

First, the Title of Section 3-507.2 states its purpose as providing an "[a]ction to recover unpaid wages"—which is exactly what Plaintiffs are seeking in this case.  The title is not "[r]ecovery of irregularly paid wages" or "[r]ecovery of unpaid wages after termination of employment."  Thus, from its Title, Section 3-507.2 of the MWPCL would appear to directly apply to Plaintiffs' present allegations.

Second, the plain language of Section 3-507.2 supports the proposition that the MWPCL applies to the present case.  The applicable language in Section 3-507.2(a) states as follows:

> if an employer fails to pay an employee in accordance with § 3-502 . . . after 2 weeks have elapsed from the date on which the employer is required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages.

This language is not ambiguous.  Plaintiffs' MWPCL claim against C&P is triggered two (2) weeks after Plaintiffs' receipt of each paycheck that did not include wages for the approximately fifteen (15) hours that Plaintiffs worked and for which C&P refused to pay.  Accordingly, Plaintiffs' MWPCL claims seek the exact type of relief the MWPCL provides.

Third, if C&P's argument in relation to Section 3-502 is accurate, where an employer fails to regularly pay an employee (*i.e.* employer pays employee once a month rather than every two weeks, or pays employee every three weeks instead of every two weeks), then Section 3-507.2 would be nonsensical and never applicable because there would never be any damages to be trebled.  The employees would have received their proper pay—albeit in an untimely manner—perhaps a week or two late, and thus there would be no monetary damages upon which treble damages could even be awarded under the MWPCL.

Finally, C&P's narrow construction of Section 3-507.2 as applied to Section 3-502 is flawed because it would provide no remedy for employees who, like Plaintiffs, are owed wages in excess of the minimum wage but are not paid those wages for their hours worked in a particular time period.  There would be no cause of action under the MWHL or FLSA, because those statutes only allow claims for failure to pay overtime (where the employee was paid his regular wage) or for failure to pay minimum wage (where the employee was paid less than the minimum wage).  Nor would the employee have a cause of action under the MWPCL, provided he was partially paid every two weeks.  C&P's argument and interpretation must be rejected as

the law disfavors statutory interpretations that result in nonsensical or inapplicable outcomes. *See City of Bowie v. Prince George's County*, 863 A.2d 976, 983 (Md. 2004) ("In discerning the legislative intent absurd results in the interpretive analysis of a statute are to be shunned.") (internal citation and quotation marks omitted)); *Blandon v. State*, 498 A.2d 1195, 1196 (Md. 1985) ("[R]ules of statutory construction require us to avoid construing a statute in a way which would lead to absurd results . . . [i]n other words, we should reject a proposed statutory interpretation if its consequences are inconsistent with common sense.") (internal citations and quotation marks omitted).

Ultimately, the interpretation of the MWPCL set forth herein is the more logical construction. In situations where an employer pays wages to an employee but pays a lower amount than the employee is legally entitled to receive—by paying less than minimum wage or by paying the straight wage without including overtime—then the employee will have the ability to claim liquidated damages under the FLSA and MWHL. Here, C&P failed to pay Plaintiffs within two weeks from the date that it was required to make such payment pursuant to Section 3-502, which requires payment of wages at least once every two weeks or twice a month. C&P failed to pay Plaintiffs during those time frames, and more than two weeks have elapsed since those wage payments were due. Thus, Plaintiffs have stated a cause of action for unpaid wages. *See Higgins v. Food Lion, Inc*., No. CIV. A. AW00CV2617, 2001 WL 77696, at *4 (D. Md. 2001) (noting that failure to pay any wages for hours worked can constitute a violation of Section 3-502 and pointing out that, "according to Maryland law, an employee who receives a biweekly paycheck has a separate cause of action for each paycheck that does not reflect the wage for which he is due"). As a consequence, Plaintiffs' MWPCL against C&P must not be dismissed

because it is proper as alleged and entitles Plaintiffs to damages plainly within the logical

interpretation of the MWPCL.

III.    PLAINTIFFS' RECOVERY OF UNPAID WAGES FOR
       SYSTEMATICALLY REDUCED HOURS UNDER THE MWPCL DOES
       NOT CONFLICT WITH PLAINTIFFS' RECOVERY OF
       UNPAID OVERTIME WAGES UNDER THE FLSA OR MWHL.

C&P seeks dismissal of Plaintiffs' MWPCL claims on the view that such claims are

disguised "minimum wage" and "overtime" claims for which relief is not available under the

MWPCL.  This is false.  Plaintiffs seek unpaid and improperly deducted wages which, when

calculated, may—but do not necessarily—include overtime hours.  Such recovery is not only

proper under the MWPCL, but is readily distinguishable from a straight forward "minimum

wage" or "overtime" claim.  *See, e.g.*, *Hoffman v. First Student, Inc*., No. AMD 06-1882, 2009

WL 1783536 (D. Md. 2009).

The MWHL and the FLSA require employers to pay the minimum wage to all employees

and overtime to those employees who work more than forty (40) hours in a work week.  These

statutes are not concerned with the issue of whether employees are paid for their promised wages

for work performed, but rather with whether employees are paid the minimum amounts to which

they are entitled under the state and federal minimum wage and overtime laws.  By contrast, the

MWPCL requires employers in Maryland to pay employees all earned wages, including

promised and overtime wages, in a timely manner.  Unlike the MWHL and FLSA, this statute is

concerned with whether employees are paid in a timely manner for their work, not with the

specific amount that they are paid.  *See Friolo v. Frankel*, 819 A.2d 354, 362 (Md. 2003) (noting

that Section 3-502 "does not concern the amount of wages payable but rather the duty to pay

whatever wages are due on a regular basis").

Plaintiffs have clearly set forth two separate legal claims for two distinct factual violations.  On the one hand, Plaintiffs allege, under the MWPCL, that C&P failed to pay Plaintiffs any of their earned wages for the time at issue (approximately fifteen (15) hours of work duties per week); on the other hand, Plaintiffs allege, under the MWHL and FLSA, that C&P failed to pay overtime to Plaintiffs (but instead paid straight pay at Plaintiffs' regular hourly rate (or day rate) for overtime hours worked each week in excess of forty (40)).

C&P muddles these factual distinctions in relying on *McLaughlin v. Murphy*, 372 F. Supp. 2d 465 (D. Md. 2004), *Williams v. Maryland Office Relocators*, 485 F. Supp. 2d 616 (D. Md. 2007), and similar cases.  *In McLaughlin*, the Court expressly noted that the plaintiff's MWPCL damages claim failed because it was based on a claim for overtime under the FLSA, not on a claim for failure to pay earned wages under the MWPCL.  *See McLaughlin,* 372 F. Supp. 2d at 476; *see also Williams*, 485 F. Supp. 2d at 621 (MWPCL damages were not available because plaintiff's claim was not based on allegations that he was not paid wages in a timely manner, but rather that the overtime wages he *was* paid were incorrectly calculated because they did not include overtime payments).  These factual scenarios are clearly different from the present case because, unlike Plaintiffs in the present case, the MWPCL claims of the *McLaughlin* and *Williams* plaintiffs sought wages under Section 3-502 despite having been paid in a timely manner for each hour that they worked.  For these reasons, neither *McLaughlin* nor *Williams* is binding nor directly relevant to the pending issues in this case.

By contrast, Plaintiffs' MWPCL claims are only based on those factual situations where C&P completely failed to timely pay Plaintiffs their earned wages—which may or may not encompass overtime wages, depending on the total hours worked in any particular week.  Thus, even if C&P's argument that the treble damages provision of the MWPCL cannot be applied to

-11-

strict overtime claims is correct, C&P's Motion to Dismiss should be denied because the dispute underlying Plaintiffs' MWPCL claim is not whether they were entitled to overtime compensation, but rather whether they were entitled to be paid for time worked.  As a consequence, C&P's Motion to Dismiss must be denied.

<u>**CONCLUSION**</u>

Each Plaintiff has properly alleged facts supporting a plausible claim for damages against C&P under the MWPCL.  For this reason, and in consideration of the arguments set forth above, C&P's Motion should be denied.

Respectfully submitted,

_____/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, Bar No. 17291
John J. McDonough, Bar No. 18117
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email:  ggreenberg@zipinlaw.com
        jmcdonough@zipinlaw.com

*Counsel for Plaintiffs Guevara, Toruno, and Rivera*

and

Laura E. Varela (MD Bar. No. 28260)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS
AND URBAN AFFAIRS
11 Dupont Circle, Suite 400
Washington, DC 20036
Phone: (202) 319-1000
Email:  laura_varela@washlaw.org

*Counsel for Plaintiffs Franco and Rivas*