IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ANGEL DE JESUS GUEVARA**, *et al.* | : |
| | : |
| **Plaintiffs,** | : |
| v. | : Case No. 8:12-cv-02944-RWT |
| | : |
| **CLEAN & POLISH, INC.**, *et al.* | : |
| | : |
| **Defendants.** | : |
| | : |

**DEFENDANT CLEAN & POLISH, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Clean & Polish, Inc. ("C&P"), by and through undersigned counsel, hereby submits its Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint. In support of their reply, C&P states as follows:

**INTRODUCTION**

In Count III of its second amended complaint, Plaintiffs claim that C&P violated the Maryland Wage Payment and Collection Law ("MWPCL"). Specifically, Plaintiffs allege that they were prohibited from reporting certain hours worked and as a result were underpaid. Plaintiffs now seek recovery of three times the amount of underpayment as allowed under MWPCL.

On or about November 28, 2012, C&P filed a motion seeking dismissal of Count III of Plaintiffs' Second Amended Complaint on the grounds that it failed to state a claim for which relief could be granted under Rule 12(b)(6). In its motion, C&P argues that Plaintiffs' claim should be dismissed because even if their allegations were true, they do not qualify for recovery under § 3-501, *et. seq.* of the MWCPL. MWCPL mandates payment of wages on a certain schedule and upon termination. Employees who are not paid at least twice per month or are not paid funds due upon termination are entitled to bring suit under MWCPL. MWCPL was designed to address the timing and mechanism of payment, not the

amount of compensation due to an Employee. Claims regarding whether pay is due and the amount of pay due to an employee should be brought under the Maryland Wage and Hour Law ("MWHL").

On December 12, 2012, Plaintiffs' filed their opposition to C&P's motion. In their opposition, Plaintiffs' argue that C&P's motion should be denied because Plaintiffs' allegations in the complaint were sufficient. Plaintiffs' argue that they worked hours for which they were not paid and some of the compensation due to them should have been at an overtime rate. Plaintiffs further allege that they did not receive this compensation because C&P forced them not to report all hours worked.

As stated below, C&P's motion should be granted and Count III of the Second Amended Complaint should be dismissed.

**ARGUMENT**

Plaintiffs' case is based on the allegation that they were not fully paid for hours worked. Despite what they now allege in their opposition, the issue is not the timing of when Plaintiffs were paid, the issue is that Plaintiffs believe they worked hours for which they did not receive compensation. Specifically, Plaintiffs allege that they were forced to under report hours worked (2d, Am. Compl. at ¶ 39), and that they were not paid overtime when working in excess of forty (40) hours per week (*Id.* at ¶ 40). Based on these alleged violations, Plaintiffs seek to recover treble damages under MWPCL § 3-507.1.

In order to recover under MWCPL § 3-507.2, Plaintiffs must have suffered damages as a result of Defendants' violation of MWCPL §§ 3-502 or 3-505. MWCPL § 3-502 requires that employers maintain regular pay periods and pay each employee at least two times per month. MWCPL § 3-505 requires that the employer pay the employee all wages due upon termination of employment. MWCPL §§ 3-502 and 3-505 do not provide a cause of action because the employer fails to pay overtime. Butler v. DirectSat USA, LLC, 800 F.Supp.2d 662, 670 (D. Md. 2011).

In the present action, Plaintiffs allege that they worked hours for which they received no pay and some of the pay they should have received should have been paid at the statutory overtime rate.  In other words, this case is about a certain amount of money which Plaintiffs believe is due to them and not about the timing or the mechanisms of wage payment.  MWCPL entitles an employee to recover when they are not paid on a regular basis or are not paid the amount due to them upon termination.  MWCPL does not provide relief to a Plaintiff who claims they were not paid the correct amount or rate.  Accordingly, recovery is not available under the MWPCL.  Butler, at 669.  To recover for unpaid overtime wages, Plaintiffs must look to the MWHL.  (Id. at 670).

## CONCLUSION

Plaintiffs' MWPCL claim does not exist as a matter of law as it rests outside of the MWPCL's protections.  This Court should dismiss Count III pursuant to Rule 12(b)(6).

        Respectfully submitted,

        CLEAN & POLISH, INC.
        By Counsel

        By:    /s/ Heidi E. Meinzer
        Heidi E. Meinzer, Esq. (Bar No.17574)
        BEAN, KINNEY & KORMAN, P.C.
        2300 Wilson Boulevard, 7th Floor
        Arlington, Virginia 22201
        (703) 525-4000
        (703) 525-2207 (Fax)
        hmeinzer@beankinney.com

        Rachelle E. Hill (Virginia Bar No. 74996)
        Anthony E. Cooch (Virginia Bar No. 48186)
        rhill@beankinney.com
        acooch@beankinney.com
        *Admitted Pro Hac Vice*

        *Counsel for Defendant Clean & Polish, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Gregg C. Greenberg (Bar No. 17291)
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
ggreenberg@zipinlaw.com
jmcdonough@zipinlaw.com
*Attorney for Plaintiff Angel De Jesus Guevara*

J. David Folds (Bar No. 13600)
McKenna Long & Aldridge, LLP
1900 K Street NW
Washington, DC 20006
dfolds@mckennalong.com
lmeier@mckennalong.com
*Attorney for Plaintiffs Samuel Franco
and Jose Rivas*

John J. McDonough (Bar No. 18117)
The Zipin Law Firm LLC
8403 Colesville Rd, Ste. 610
Silver Spring, MD 20910
Tel:  301.587.9373
Fax: 301.587.9397
jmcdonough@zipinlaw.com
*Attorney for Plaintiff Ulises Alejandro
Toruno*

                                                /s/  Heidi E. Meinzer
                                                Heidi E. Meinzer, Esq.