IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGEL DE JESUS GUEVARA, *et al.*,       *

    Plaintiffs,       *

v.       *       Case No. RWT 12-cv-2944

CLEAN & POLISH, INC., *et al.*,       *

    Defendants.       *

## MEMORANDUM OPINION AND ORDER

In their Second Amended Complaint, ECF No. 9, Plaintiffs Angel De Jesus Guevara, Ulises Alejandro Toruno, Erick Hernandez Rivera, Samuel Franco, and Jose Rivas, on behalf of themselves and all others similarly situated, bring claims against Defendants Clean & Polish, Inc. ("Clean & Polish), Clearclean, LLC, and Power Building Solutions, LLC,[1] to recover unpaid wages, among other relief. Plaintiffs bring their claims under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401–3-407, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501–3-509.

On November 28, 2012, Clean & Polish filed a Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint, ECF No. 14, arguing that the Plaintiffs fail to state a cause of action under the MWPCL. Clean & Polish asserts that Count III of Plaintiffs' Second Amended Complaint, which includes a claim under the MWPCL, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can

---

[1] Plaintiffs allege that these three business entities constitute one "single enterprise" subject to liability to the Plaintiffs and other similarly situated individuals under the statutory regimes at issue. *See* Second Am. Compl. ¶¶ 6-24, ECF No. 9. Defendant Clean & Polish has filed an Answer to Plaintiffs' Second Amended Complaint. ECF No. 15. An Affidavit of Service filed on January 3, 2013, asserts that Defendant Clearclean, LLC, was served via certified mail to the Maryland State Department of Assessments and Taxation. ECF No. 25. A Summons was issued

be granted. Plaintiffs filed an Opposition to Clean & Polish's Motion to Dismiss on December 12, 2012. ECF No. 21. On January 2, 2013, Clean & Polish filed a Reply. ECF No. 24.

### Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the plaintiffs' "obligation to provide the 'grounds' of [their] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Simmons v. United Mort. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).

### Discussion

Clean & Polish argues that the Court should dismiss the Plaintiffs' MWPCL claim because it is "wholly deficient as a matter of law and is manufactured solely as a means to obtain treble damages." Def.'s Mot. to Dismiss 4, ECF No. 14. Citing several decisions from this Court, Clean & Polish maintains that the MWPLC permits causes of action for two different classes of allegations: (1) when an employer fails to pay an employee on a regular basis; or (2) when an employer fails to pay an employee for sums due upon termination of employment. *Id.* at 5. Clean & Polish asserts that Plaintiffs base their MWPLC claim on allegations that they were not fully compensated for all hours that they worked, but these allegations do not support a

---

to Defendant Power Building Solutions, LLC, ECF No. 11, on November 15, 2012, but as of this writing the docket does not reflect that service has been accomplished with respect to this Defendant.

2

cause of action under the MWPLC. *Id.*

In their Opposition, Plaintiffs argue that their Second Amended Complaint does state a claim under the MWPCL. Pls.' Opp'n to Def.'s Mot. to Dismiss 2, ECF No. 21. Plaintiffs assert that because they allege that Clean & Polish "failed and refused to pay and/or deducted wages from each Plaintiff's compensation for about fifteen (15) hours per week," it logically follows that Clean & Polish violated the MWPCL because it "failed to pay Plaintiffs all wages earned and due in a timely manner within Plaintiffs' regular pay periods and/or at the termination of Plaintiffs' employment." *Id.* at 4.

The MWPCL provides that an employee may bring an action against his employer to recover unpaid wages "if an employer fails to pay [the] employee in accordance with § 3-502 or § 3-505." Md. Code Ann., Lab. & Empl. § 3-507.2(a). "Section 3-502 addresses the timing of wage payments and Section 3-505 addresses the payment of wages upon termination of employment." *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 670 (D. Md. 2011). The MWPCL is uniquely appealing to plaintiffs in employment compensation cases because it provides the Court with authority to award treble damages to employees in certain circumstances. *See* Md. Code Ann., Lab. & Empl. § 3-507.2(b) (If "a court finds that that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs.").

Plaintiffs allege that Clean & Polish "forced Plaintiffs to under report the hours Plaintiffs worked each week . . . by approximately fifteen (15) hours per week." Second Am. Compl. ¶ 39, ECF No. 9. For hours that Clean & Polish "allowed Plaintiffs to report," the Plaintiffs allege that Clean & Polish paid them "straight pay at Plaintiffs' regular hourly rate (or day rate) for all hours

3

worked each week including overtime hours worked each week in excess of forty (40)" hours. *Id.* ¶ 40. "For the hours that Plaintiffs worked each week that" Clean & Polish "refused to allow Plaintiffs to submit on Plaintiffs' time cards," Clean & Polish allegedly "paid Plaintiffs no wages." *Id.* ¶ 41. Plaintiffs claim that Clean & Polish's "unlawful and unauthorized withholding of Plaintiffs' wages constitutes a failure . . . to pay Plaintiffs all wages due for work performed as required by the MWPCL." *Id.* ¶ 64.

The gravamen of the Plaintiffs' complaint is their purported entitlement to payment for hours—primarily, if not exclusively, overtime hours—that they worked but were not able to report on time cards. In *Butler*, 800 F. Supp. 2d at 669, Chief Judge Chasanow cited the earlier opinion of Judge Blake in *McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 474-75 (D. Md. 2004), in which she "explained that MWPCL claims are limited to actions challenging the timing or mechanisms of wage payment and not actions seeking to establish entitlement to payment." Further, "judges in this district have rejected plaintiffs' attempts to state claims for violation of the MWPCL where the parties' core dispute is whether plaintiffs were entitled to overtime wages at all and not whether overtime wages were paid on a regular basis or upon termination." *Butler*, 800 F. Supp. 2d at 670 (citing *McLaughlin*, 372 F. Supp. 2d at 474-75; *Williams v. Md. Office Relocators*, 485 F. Supp. 2d 616, 621-22 (D. Md. 2007); *Tucker v. Sys. Specialist Furniture Installation, Inc.*, No. JFM–07–1357, 2007 WL 2815985, at *1 (D. Md. Sept. 26, 2007); *Watkins v. Brown*, 173 F. Supp. 2d 409, 416 (D. Md. 2001); *Fisher v. Rite Aid Corp.*, No. 09–1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010)).

In their Second Amended Complaint, the Plaintiffs bring several claims under the statutory regimes most appropriate for the nature of their allegations; namely, the FLSA and MWHL. *See* Second Am. Compl. ¶¶ 44-50, ECF No. 9 (FLSA claim for overtime pay); *id.* ¶¶

4

51-58 (MWHL claim for overtime pay); *id.* ¶¶ 66-74 (FLSA claim for unlawful retaliation). As in *Butler*, however, "Plaintiffs do not allege that Defendants failed to pay them on a regular basis or that they were not paid upon termination." 800 F. Supp. 2d at 670; *see also id.* at 664 (explaining that, quite similar to this action, Plaintiffs alleged that "they were permitted, and routinely required, to work in excess of forty hours per week without overtime compensation," and "that Defendants trained and directed them to record less time than they actually worked on their handwritten time sheets."). Like the Plaintiffs in *Butler*, the "focus of Plaintiffs' allegations is that Defendants withheld overtime wages to which they were entitled," *id.* at 670, and the Plaintiffs have failed to state a claim under the MWPCL. Accordingly, Clean & Polish's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted, and Count III of Plaintiffs' Second Amended Complaint will be dismissed.

## ORDER

For the foregoing reasons, it is, this 30th day of April, 2013, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant Clean & Polish, Inc.'s Motion to Dismiss Count III of Plaintiffs' Second Amended Complaint, ECF No. 14, is **GRANTED**; and it is further

**ORDERED**, Count III of Plaintiffs' Second Amended Complaint, ECF No. 9, is **DISMISSED**; and it is further

**ORDERED**, that the hearing on Clean & Polish's Motion to Dismiss scheduled for May 13, 2013, is **CANCELLED**, as the motion is herein "decided on the memoranda without a hearing." Local Rule 105.6

<u>Date</u>: April 30, 2013 _____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE